IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **VICTOR HUGO ARROYO,** | ) | |
| | ) | **Case No.:** 1:20-cv-2751 |
| **Plaintiff,** | ) | |
| | ) | |
| **OLDE ENGISH GARDENS and** | ) | **COMPLAINT AND JURY DEMAND** |
| **CHAD STAUBER.** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**COMPLAINT AT LAW**

NOW COMES the Plaintiff, VICTOR HUGO ARROYO, by and through his attorney, KREAMER LAW GROUP, LLC., and complains against Defendants Olde English Gardens, and Chad Stauber, as follows:

**STATEMENT OF FACTS**

1. Plaintiff Victor Hugo Arroyo ("Plaintiff") is a former employee of Olde English Gardens and Chad Stauber ("Defendants") and brings this action against Defendants to redress the Defendant's violations of the Fair Labor Standards Act, 29 U.S.C. Section 201, et seq. ("FLSA"), the Illinois Minimum Wage Law, the Illinois Personnel Record Review Act, and other common law theories of recovery.

2. Plaintiff worked for the Defendants as a landscaping laborer between approximately 2010 and July 2018. From the beginning of his employment until approximately December 2011 Mr. Arroyo worked part time for the Defendant.

3. In January 2012, Mr. Arroyo began working for the Defendants on a full-time basis. Mr. Arroyo regularly worked either six (6) days per week from approximately 8:30 am to 8:00 pm, or approximately seven-two (72) hours per week. Since approximately January 2017,

Mr. Arroyo regularly worked five (5) to six (6) days per week, on average 54.75 hours per week. Mr. Arroyo was not paid overtime wages for the time he worked in excess of forty (40) hours each week. Instead he was paid his straight time regular rate of pay for all time worked. See Exhibit 1, Timesheet Printed on 5/16/18, attached hereto. In addition, Defendant failed to pay Mr. Arroyo for his last week of work.

4. Defendants violated the Fair Labor Standards Act, 29 U.S.C. Section 201, et seq. and the Illinois Minimum Wage Law, 820 ILCS 105/1, et seq. by not paying Plaintiff all his earned overtime pay.

5. Under the FLSA and the INWL, an employer must pay employees overtime pay at the rate of one and one-half the employee's regular rate of pay for all time worked over 40 in individual work weeks. 29 U.S.C. Section 207; 820 ILCS 105/4a.

6. The Defendants also violated the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 et seq. by failing to pay Mr. Arroyo for all the time he worked.

7. In addition to the overtime pay owed to Plaintiff, the Defendants are also liable to him for mandatory penalties, including liquidated damages equal to the amount of owed overtime pay (29 U.S.C. Section 260) and 2% per month interest on the amount of unpaid wages. 820 ILCS 105/12.

8. Under federal and state law, an employer must pay the reasonable attorney's fees and costs an employee incurs when he successfully sues to recover unpaid wages. 29 U.S.C. 216(b); 820 ILCS 105/12.

9. Plaintiff is owed $41,242.70 in unpaid wages, overtime wages, liquidated damages, and statutory penalties under the FLSA, IMWL and IWPCA. See Exhibit 2, Wages

Chart prepared by Victor Hugo Arroyo, attached hereto. Plaintiff sets forth in this chart the hours he worked and the pay he received for certain weeks during his employment.

10. Plaintiff requested Defendants preserve all documents relating to his employment in a demand letter prepared by a prior attorney on July 31, 2019. Plaintiff also requested in this letter that Defendant's agree to a tolling agreement with respect to Plaintiff's claims under the Fair Labor Standards Act, the Illinois Minimum Wage Law, the Illinois Wage Payment and Collection Act, and any other state wage and hour law to protect Plaintiff's limitations period.

11. Defendants also failed to comply with the Illinois Personnel Record Review Act 820 ILCS 40 by not providing Mr. Arroyo with access to his complete personnel file.

## JURISDICTION

12. This Court has jurisdiction over the subject matter of this action pursuant to *29 U.S.C. Section 216(b)* (FLSA), *15 U.S.C. 1681(p), 28 U.S.C. Section 1331* (federal question jurisdiction), and *28 U.S.C. Section 1337* (actions arising under Acts of Congress regulating commerce). The Court should exercise supplemental jurisdiction over Mr. Arroyo's claim for unpaid wages, the minimum wage law, the Defendant's refusal to provide his employment/personnel file, and the Plaintiff's other common law theories of recovery.

## VENUE

13. Venue is proper in this District pursuant to *28 U.S.C. Section 1391(b).*

## PARTIES

14. Plaintiff Victor Arroyo was employed by Defendants from 2010 to July 2018 and is a resident of the State of Illinois.

15. Defendant Olde English Gardens Landscaping is an active corporation doing business in Illinois, Indiana and Michigan and with offices at 39 Stephen, Apartment 4, Lemont, Illinois 60439 and 711 Tomaszewsky Street, Lemont, Illinois 60439.

16. Upon information and belief, Defendant Chad Stauber is a resident of the State of Illinois, residing at 711 Tomaszewsky Street, Lemont, Illinois 60439.

## COUNT I - FAIR LABOR STANDARDS ACT CLAIM

17. The Plaintiff adopts and incorporates the allegations set forth in paragraphs 1-16 of this Complaint above, as though fully set forth herein as paragraph 17.

18. In January 2012, Mr. Arroyo began working for the Defendant on a full-time basis.

19. On a regular basis, Plaintiff worked 6 days per week from approximately 8:30 am to 8:00 pm, or approximately seventy-two (72) hours per week.

20. Starting in January 2017, Plaintiff regularly worked five (5) to six (6) days per week, on average 54.75 hours per week.

21. Plaintiff was not paid overtime wages for the time he worked in excess of forty (40) each week. Instead, he was paid his straight time regular rate of pay for all time worked. See Exhibit 1.

22. In addition, Defendant failed to pay Plaintiff for his last week of work.

23. Defendant willfully violated the FLSA rights pursuant to 29 U.S.C. Sections 206 and 207 and Plaintiff is entitled to relief pursuant to 29 USC Section 216(b).

24. Plaintiff is entitled to be paid overtime for his hours over 40 per week, to liquidated damages and attorneys' fees.

WHEREFORE, PLAINTIFF, VICTOR HUGO ARROYO, demands judgment against Defendants for compensatory damages, punitive damages, liquated damages, statutory interest, attorney fees and court costs in excess of seventy-five ($75,000.00) thousand dollars, and for any additional relief this Court deems fair and just.

**COUNT II – ILLINOIS MINIMUM WAGE LAW**

25. The Plaintiff adopts and incorporates the allegations set forth in paragraphs 1-24 of this Complaint above, as though fully set forth herein as paragraph 25.

26. In January 2012, Mr. Arroyo began working for the Defendant on a full-time basis.

27. On a regular basis, Plaintiff worked 6 days per week from approximately 8:30 am to 8:00 pm, or approximately seventy-two (72) hours per week.

28. On or about January 2017, Plaintiff regularly worked five (5) to six (6) days per week, on average 54.75 hours per week.

29. Plaintiff was not paid overtime wages for the time he worked in excess of forty (40) each week. Instead, he was paid his straight time regular rate of pay for all time worked. See Exhibit 1.

30. In addition, Defendant failed to pay Plaintiff for his last week of work.

31. Defendant willfully violated the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1, *et seq*. by not paying Plaintiff all of his earned overtime pay.

32. Under the IMWL, an employer must pay employees overtime pay at the rate of one and one-half the employee's regular rate of pay for all time worked over 40 hours in individual work weeks.

33. Defendant also violated the IMWL by failing to pay Plaintiff for all the time he worked, including his last month he worked for the Defendant.

34. Plaintiff is entitled to be paid overtime for his hours over 40 per week, to be paid for all his work, and for liquidated damages equal to the amount of owed overtime paid, for costs and attorney's fees, as allowed by the Court, and damages of 5% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid. 820 ILCS 105/13.

WHEREFORE, PLAINTIFF, VICTOR HUGO ARROYO, demands judgment against Defendants for compensatory damages, punitive damages, liquated damages, attorney fees and court costs in excess of seventy-five ($75,000.00) thousand dollars, and for any additional relief this Court deems fair and just.

## COUNT III - ILLINOIS WAGE PAYMENT COLLECTION ACT

35. The Plaintiff adopts and incorporates the allegations set forth in paragraphs 1-34 of this Complaint above, as though fully set forth herein as paragraph 35.

36. The Illinois Wage Payment and Collection Act ("IWCPA") applies to all employers and employees in the State of Illinois 820 ILCS 115/1.

37. Defendants are an employer within the meaning of the IWCPA.

38. Plaintiff is an employee under the IWCPA, 820ILCS 115 /2, for including but not limited to the following reasons:

> (a) At no relevant time was Plaintiff ever free from control and direction over the performance of his work in that Plaintiff was directed as to the time, location, and job duties for the landscaping work he was performing. At no relevant time did the Plaintiff have his own company, and at no relevant time was Plaintiff ever allowed by Defendants to do anything concerning his work as a landscaper outside the direction of the Defendant.

      (b) At no relevant time did Plaintiff perform work outside the usual course of business of Defendants.

      ( c) At no relevant time was Plaintiff an independent contractor or tradesman, no did the Plaintiff own his own business at any relevant time herein.

39. Defendant was separated from his employment on or about July 2, 2018, and as of that date, Plaintiff was a separated employee within the meaning of the IWPCA 820 ILCS 115/2, 5.

40. Upon Plaintiff's separation from Defendants, Defendants owed Plaintiff "final compensation" which under the IWCPA includes "wages, salaries, earned commissions, earned bonuses, and the monetary equivalent of earned vacation and earned holidays, and any other compensation owed to a separated employee by the employer pursuant to an employment contract or agreement between the two parties." 820 ILCS 115/2.

41. Under the IWCPA, "Every employer [to] pay the final compensation of a separated employee in full, at the time of separation, if possible, but no case later than the next regularly scheduled payday for such employee." 820 ILCS 115/5.

42. Plaintiff's next regularly scheduled pay day was on or about July 9, 2018.

43. By failing to pay Plaintiff his final compensation on July 9, 2018, and in any event, by July 8, 2018, Defendant violated Section 14 of the IWCPA. 820 ILCS 115/14.

44. As a result of Defendant's violation of Section 14 of the IWCPA, the Plaintiff is entitled to recover through a claim in a civil action the amount of any such payments, which as of the date of filing is approximately $41,242.70 plus statutory damages and interest, attorney fees, and court costs.

45. Plaintiff is also entitled to recover damages of 2% of the amount of any such for each month following the date of payment during which such underpayments remain unpaid."

46. Under IWCPA Section 14, Defendant also owes Plaintiff all reasonable attorney's fees, and reasonable costs, and expenses in collecting on the amounts owed, in an amount to be proven at trial.

WHEREFORE, PLAINTIFF, VICTOR HUGO ARROYO, demands judgment against Defendants for compensatory damages, punitive damages, liquated damages, attorney fees and court costs in excess of seventy-five ($75,000.00) thousand dollars, and for any additional relief this Court deems fair and just.

## COUNT IV – ILLINOIS PERSONNEL RECORD REVIEW ACT

47. The Plaintiff adopts and incorporates the allegations set forth in paragraphs 1-46 of this Complaint above, as though fully set forth herein as paragraph 47.

48. Under the Professional Records Review Act (PRRA) 820 ILCS 40/1, et. seq. does not (1) make it unlawful for an employer to include in an employee's file that make no reference to the employee; or (2) require an employer to include certain information in a personnel file, such as documents that reflect positively on an employee's conduct.

49. Under the PRRA, the Defendants were obligated to allow the Plaintiff the opportunity to review his file within seven working days after the request, or within 14 days if the employer can show that it needs additional time. 820 ILCS 40/2.

50. Further, Section 2 of the PRRA states that employees shall be allowed "to inspect any personnel documents which are, have been or are intended to be used in determining that

employee's qualifications for employment, promotion, transfer, additional compensation, discharge or other disciplinary action, except as provided in Section 10 [820 ILCS 40/10].

51. The PRRA provides an opportunity for an employee to file a written statement in the personnel file if the employee disagrees with the information included therein. Id. at 40/6. This statement is to be included in the portion of the file that the employee disputes and is to be included whenever that portion of the file is released to third parties.

52. The Defendants violated the PRRA where the Defendants did not allow the Plaintiff to inspect his personnel file within seven days, he was not afforded an opportunity to file a statement in her personnel disputing information contained therein, and he was not afforded an opportunity to file a statement in his personnel file disputing information contained therein.

WHEREFORE, PLAINTIFF, VICTOR HUGO ARROYO, demands judgment against Defendants for compensatory damages, punitive damages, liquated damages, attorney fees and court costs in excess of seventy-five ($75,000.00) thousand dollars, and for any additional relief this Court deems fair and just.

## COUNT V- QUANTUM MERUIT

53. The Plaintiff adopts and incorporates the allegations set forth in paragraphs 1-52 of this Complaint above, as though fully set forth herein as paragraph 53. Pleading in the alternative, the Plaintiff states as follows:

54. The Plaintiff conferred a benefit on Defendants by agreeing to continue to perform his work duties in exchange for the Defendants promise to pay the Plaintiff his earned wages and overtime.

55. Defendants failed to pay the amount of due to the Plaintiff under the terms of his employment with the Defendants.

56. At all relevant times, Defendants had knowledge of the Plaintiff's employment and his labor as a landscaper on behalf of the Defendants and the total amount of money due to the Plaintiff for his unpaid wages and overtime but the Defendants illegally retained this money and the benefit of the use and value of the money for the time it has been due and owed to Plaintiff.

57. As a direct and proximate result of the Defendant's breach, Plaintiff suffered great financial instability and financial hardship.  Since the date of termination, Plaintiff has not received full compensation for his wages and overtime in spite of the fact that Defendants agree to pay the same.  As a result of Defendant's actions, Plaintiff suffered financial instability and hardship.

WHEREFORE, PLAINTIFF, VICTOR HUGO ARROYO, demands judgment against Defendants for compensatory damages, punitive damages, liquated damages, attorney fees and court costs in excess of seventy-five ($75,000.00) thousand dollars, and for any additional relief this Court deems fair and just.

**Plaintiff demands a trial by Jury.**

        Respectfully submitted,
        Victor Hugo Arroyo

        **/s/ John C. Kreamer /s/**
        Attorney for Plaintiff

John C. Kreamer
Joseph E. Urani
Kreamer Law Group, LLC
1100 E. Warrenville Rd., #135
Naperville, IL  60563

(630) 995-3668 (telephone)
(630) 597-9532  (fax)
jckreamer@kreamerlawgroup.com