IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **VICTOR HUGO ARROYO,** | ) |
| | ) Case No.: 20 CV 2751 |
| **Plaintiff,** | ) |
| | ) Judge Jeffrey I. Cummings |
| **OLDE ENGLISH GARDENS** and | ) |
| **CHAD STAUBER.** | ) |
| | ) |
| **Defendant.** | ) |

### PLAINTIFF'S MOTION FOR ENTRY OF JUDGMENT
### ON PLAINTIFF'S ILLINOIS MINIMUM WAGE LAW CLAIM

PLAINTIFF, VICTOR HUGO ARROYO, by and through his counsel, John C. Kreamer and Joseph E. Urani of The Kreamer Law Group, L.L.C., and for his Motion For Entry of Judgment on his Illinois Minimum Wage Law Claim (IMWL), states as follows:

1. On 11/21/24, this Honorable Court granted summary judgment with respect to Count II of Plaintiff's Complaint brought pursuant to the IMWL. With respect to this count, this Court found that there is no genuine dispute of material fact, and that Plaintiff is entitled to judgment as a matter of law. (Dkt. #: 99).

2. This Honorable Court further found in this regard that an "employer-employee" relationship existed between the Plaintiff and Defendants here, and the undisputed evidence shows that Plaintiff was not compensated for overtime hours he worked of which Defendants were aware. (Dkt. #: 99).

3. Under the Illinois Minimum Wage Law, employees may recover the following relief: 1) unpaid wages for all hours worked at a rate less than the required minimum wage; 2) treble the amount of any underpayments; 3) 5% of the amount of any such underpayments for each month following the date of payment during which such

underpayments remain unpaid; and 4) attorneys' fees and costs incurred in bringing the cause of action. *See People ex rel. Martin v. Smith*, 205 Ill.App.3d 553, (4th Dist. 1990); *820 ILCS 105/12*.

4. The Defendants have failed to properly compensate Plaintiff for all hours worked at or above the required minimum wage under the IMWL during the period of 7/24/16 through 7/1/18. (*See Affidavit of Plaintiff attached hereto as Exhibit #1*).

5. Plaintiff has calculated the number of unpaid overtime hours and wages, and the amount owed for each pay date between 7/24/16 through 7/1/18 in the amount of $16,520.31. (*See Affidavit of Plaintiff and spreadsheet chart attached hereto as Exhibits #1 and #2*).

6. These amounts were calculated by multiplying all hours over 40 by 1.5 times the regular rate of $15.50 per hour. (*See Affidavit of Plaintiff and spreadsheet chart attached hereto as Exhibits #1 and #2*).

7. Plaintiff also seeks treble damages in the amount of $49,560.93, as permitted by the IMWL, and in light of the fact that Defendants have ignored all of Plaintiff's demands prior to suit, forcing Plaintiff to file suit, and then failing to respond and ignore Plaintiff's motion for summary judgment and this Court's orders regarding the same. *820 ILCS 105/12*.

8. Plaintiff also seeks 5% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid starting from 7/1/18 through 1/1/25 (the dates between Plaintiff's last day of employment when the amount of $16,520.31 was owed until the last full month prior to this motion being filed) in the amount of $64,429.20, as permitted by the IMWL. *820 ILCS 105/12*. (*See also Affidavit of Plaintiff's attorney attached hereto as Exhibit #3*).

9. Plaintiff further requests that the Court award attorney's fees in the amount of $74,281.00, and costs in the amount of $1,059.93, as permitted by the IMWL. (*See Affidavit of Plaintiff's attorney attached hereto as Exhibit #3*).

10. Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff and against Defendants pursuant to Plaintiff's IMWL claim as follows:

    a) $16,520.31 for unpaid wages under the IMWL.

    b) $49,560.93 for treble damages.

    c) $64,429.20 (5% per month interest between 7/1/18 and 1/1/25).

    d) $75,340.93 for attorney's fees and costs.

    e) Any applicable additional 5% per month interest that continues to accrue each month payment remains unpaid.

    f) Any applicable post-judgment interest at the applicable statutory rate.

11. Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff and against Defendants pursuant to Plaintiff's IMWL claim in the present total amount of $205,851.37 plus any applicable post-judgment interest.

WHEREFORE, Plaintiff, VICTOR HUGO ARROYO, prays that this Court enters an order granting his Motion for Entry of Judgment on his Illinois Wage Law Claim and that this Court enters judgment against Defendants, OLDE ENGLISH GARDENS and CHAD STAUBER in that regard in the present amount of $205,851.37, plus any applicable post-judgment interest, as set forth above and in the attached materials, and for any further relief the Court deems appropriate.

Respectfully Submitted,
**VICTOR HUGO ARROYO**

By: **/s/ Joseph E. Urani**
One of Plaintiff's Attorneys

John C. Kreamer #6270111
Joseph E. Urani #6278626
Kreamer Law Group, LLC
1100 E. Warrenville Rd., Suite 135
Naperville, IL 60563
(630) 995-3668/(630) 597-9532

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 10, 2025 he electronically filed Plaintiff's Motion for Entry of Judgment on his IMWL claim pursuant to this Court's 12/13/24 order with the Clerk of Court using the CM/ECF system, which will send notification of such filing to any and all registered CM/ECF participant(s). The undersigned further certifies that on said date, he provided copies of the same to Defendants via E-Mail and regular U.S. Mail at:

Chad Stauber (pro se)
711 Tomaszewski St.
Lemont, IL 60439
cstauber79@msn.com

/s/ Joseph E. Urani